CITED *in State* v. *Brown*, 2 *Vr*. 358; *Att'y Gen.* v. *Del. & B. B. R. R.*, 9 *Vr*. 285.

---

NELSON P. MOORE v. JAMES A. HAMILTON, Representatives.

1. Court of Common Pleas on the trial of an appeal, has no authority to seal bills of exception.

2. On *certiorari* the facts must be brought up by rule on the court to certify them; and if the court cannot certify them, a rule to take affidavit should be entered.

Argued before OGDEN and POTTS, Justices.

POTTS, J.   Upon the hearing of the *certiorari* in this case the counsel of the plaintiff offered to read a paper purporting to be a bill of exceptions, allowed and sealed on the trial of the cause before them, by the judges of the Court of Common Pleas, which was objected to by the defendant's counsel.

This was an appeal from the judgment of a justice of the peace, tried before the Warren pleas.  Being in the exercise of a special statutory jurisdiction, and the statute not authorizing the judges to seal bills of exception in such cases, the paper offered is nothing more than a mere voluntary return of a state of facts, made by the court without any legal authority, by which, of course, the adverse party is not bound, and being objected to, it cannot be received.  The proper course to get the facts before the court above, on *certiorari*, is to take a rule upon the court below to certify what the facts were, in the first instance, and then if the court fail to certify, a resort may be had to a rule for affidavits.  *Scott* v. *Beatty*, 3 *Zab*. 259.

OGDEN, J., concurred.